UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| SHAWN W. GRAHAM, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 1:06-CV-166 ) ) Chief Judge Curtis L. Collier |
| DISTRICT ATTORNEY DALE POTTER, | ) ) |
| Defendant | ) |

## **MEMORANDUM**

Before the Court is a motion to dismiss filed by Defendant Dale Potter ("Defendant") (Court File No. 6). Defendant filed a memorandum in support of his motion (Court File No. 7). Defendant presents several reasons why this action should be dismissed, such as the claim against Defendant is not cognizable under 42 U.S.C. § 1983; the doctrine of prosecutorial immunity bars all money damages against Defendant individually; the allegations in the complaint are merely conclusory; and a suit against Defendant in his official capacity would essentially be a suit against the state, which is barred by the Eleventh Amendment. *Pro se*[1] Plaintiff Shawn Graham ("Plaintiff") filed a response

---

[1]Although Plaintiff is proceeding *pro se*, the complaint and all responses submitted by Plaintiff thus far have also been signed by "John Graham Amicus Curiae." "Amicus Curiae" is defined as one who interposes "in a judicial proceeding to assist the court by giving information, or otherwise, or who conduct[s] an investigation or other proceeding on request or appointment by the court." *United States v. State of Mich.*, 940 F.2d 143, 164 (6th Cir. 1991)(quoting 4 Am.Jur.2d, Am.Cur. § 1, at 109 (1962)). This is a privilege within "the sound discretion of the courts." *Id*. at 165. Even when granted such status, however, "amicus has been consistently precluded from initiating legal proceedings, filing pleadings, or otherwise participating and assuming control of the controversy in a totally adversarial fashion." *Id*. As far as the Court knows, John Graham is not an attorney. Further, the Court has not granted him permission to proceed amicus curiae in this case.

in opposition to the motion to dismiss (Court File No. 10). For the following reasons, the Court will **GRANT** Defendant's motion to dismiss.

I. **RELEVANT FACTS**

Plaintiff is a citizen and resident of Van Buren County, Tennessee. At some point, Plaintiff alleges Defendant issued a warrant for "voter fraud" against him in order to "bring political pressure upon the plaintiff." Court File No. 3 (Complaint, ¶ 6). Plaintiff alleges Defendant wanted to force Plaintiff not to support Defendant's opponents in the district attorney election being held on August 3, 2006. After the warrant was issued, officers arrived at Plaintiff's home and conducted a visual search. Plaintiff was arrested, and his bond was set for $40,000. Plaintiff filed a complaint with the Tennessee Supreme Court and the Board of Professional Responsibility, alleging Defendant committed several inappropriate acts.

Plaintiff alleges Defendant, acting in his official capacity as the local district attorney, conducted an investigation against his family and him in a manner that violated his rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. Defendant filed a motion to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court notes the complaint does not state whether Plaintiff is asserting claims against Defendant in his individual capacity.

II. **STANDARD OF REVIEW**

---

Even if he had been granted such status, he still would not be authorized to sign any pleadings or motions submitted by the plaintiff to the Court. Therefore, it was improper for him to do so, and he should refrain from signing any further pleadings and from acting on behalf of Shawn Graham in any manner.

When reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff, *Bloch v. Ribar,* 156 F.3d 673, 677 (6th Cir. 1998); *State of Ohio ex rel. Fisher v. Louis Trauth Dairy, Inc.*, 856 F. Supp. 1229, 1232 (S.D. Ohio 1994), accept all the complaint's factual allegations as true, *Bloch*, 156 F.3d at 677; *Broyde v. Gotham Tower, Inc.*, 13 F.3d 994, 996 (6th Cir. 1994), and determine whether "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-6, (1957); *see also Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001); *Coffey v. Chattanooga-Hamilton County Hosp. Auth.*, 932 F. Supp. 1023, 1024 (E.D. Tenn. 1996). The Court may not grant a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995) (noting that courts should neither weigh evidence nor evaluate the credibility of witnesses); *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990). Rather, the Court must liberally construe the complaint in favor of the party opposing the motion and may dismiss the case only where no set of facts could be proved consistent with the allegations which would entitle the plaintiff to a recovery. *Hishon v. Spalding*, 467 U.S. 69, 73 (1984); *Miller*, 50 F.3d at 377.

In deciding a motion to dismiss, the question is "not whether [the] plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002). However, bare assertions of legal conclusions are insufficient. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). The "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Id.* (emphasis in original).

While applying this standard, the Court must be mindful of the fact that a *pro se* complaint

must be held to "less stringent standards than formal pleadings drafted by lawyers." *Montgomery v. Huntington Bank*, 346 F.3d 693, 698 (6th Cir. 2003); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the Court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

**III.     ANALYSIS**

Defendant moves to dismiss this action for failing to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). Defendant argues (1) the action is not cognizable under 42 U.S.C. § 1983 since criminal proceedings against Plaintiff were never reversed, expunged, or impugned by the grant of habeas corpus; (2) the doctrine of prosecutorial immunity bars all money damages against Defendant individually since he was performing a prosecutorial function intimately related to the judicial process in investigating and charging Plaintiff with a crime; (3) the allegations in the complaint are merely conclusive; and (4) a suit against Defendant in his official capacity is, in essence, a suit against the state, and the state is not a "person" subject to suit under 42 U.S.C. § 1983. Further, Defendant asserts the Eleventh Amendment bars all money damages against Defendant in his official capacity for civil rights violations. Because issues number one and three essentially involve the same analysis in that the Court is required to review whether Plaintiff has stated a claim under § 1983, the Court will address those issues as one.

**A.     42 U.S.C. § 1983 Claim**

Plaintiff alleges Defendant violated his rights guaranteed by the Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution by conducting an investigation against his family and him for voter fraud. He also alleges Defendant issued a warrant against him to exert political pressure upon him; the arresting officer conducted a visual search of his home without

permission and in violation of the Fourth Amendment; and Defendant was biased when he set Plaintiff's bond at $40,000, which resulted in a violation of the Eighth and Fourteenth Amendments of the United States Constitution.

To state a § 1983 claim, Plaintiff must allege sufficient facts that, if true, would establish Defendant deprived him of a federal right, either constitutional or statutory, while acting under color of law. *Kottymyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006); *Alkire v. Irving*, 330 F.3d 802, 813 (6th Cir. 2003); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). The deprivation must have occurred without due process of law. *Adair v. Charter County of Wayne*, 452 F.3d 482, 492 (6th Cir. 2006). "Because § 1983 is not itself a source of substantive rights, but only a method for vindicating federal rights elsewhere conferred, a plaintiff must set forth specific constitutional grounds for asserting a § 1983 claim." *Id.*; *Graham v. Connor*, 490 U.S. 386, 393-94 (1983); *Upsher v. Grosse Pointe Pub. Sch. Sys.*, 285 F.3d 448, 452 (6th Cir. 2002). Since Defendant was the local district attorney at the time such conduct took place, he was acting under color of law. Thus, this Court must decide if Plaintiff has alleged sufficient facts to establish a federal constitutional violation.

The first possible federal claim alleged by Plaintiff is one for malicious prosecution.[2] The United States Court of Appeals for the Sixth Circuit (the "Sixth Circuit") "recognize[s] a separate constitutionally cognizable claim of malicious prosecution under the Fourth Amendment." *Barnes v. Wright*, 449 F.3d 709, 715 (6th Cir. 2006)(quoting *Thacker v. City of Columbus*, 328 F.3d 244, 259 (6th Cir. 2003)). Cognizable claims include wrongful investigation, prosecution, conviction, and incarceration. *Id.* at 716. "Although [the Sixth Circuit] has yet to resolve the elements of a

---

[2]Plaintiff never specifically states he is bringing a claim for malicious prosecution. However, after reviewing the complaint and construing it liberally, the Court believes Plaintiff's Fourth Amendment claim is one for malicious prosecution.

federal malicious prosecution claim, it is clear that a plaintiff must show, at a minimum, 'that there was no probable cause to justify [his] arrest and prosecution.'" *Id*.

While Plaintiff alleges Defendant issued the warrant for his arrest to exert political pressure and the arresting officer searched his home without permission, Plaintiff never asserts probable cause for the warrant or arrest did not exist. Therefore, Plaintiff has failed to state a federal claim for malicious prosecution.

Likewise, Plaintiff's Eighth and Fourteenth Amendment claims regarding bond fail. Construing Plaintiff's complaint liberally, the Court assumes Plaintiff is attempting to make an excessive-bail claim. The Court is certain Plaintiff can not prove any facts in support of this claim since bail is not set by local district attorneys; rather, bail is set by the judge presiding over the case. Defendant could not have deprived Plaintiff of his constitutional right to be free from excessive bail since Defendant did not set Plaintiff's bail. Therefore, Plaintiff's excessive bail claim fails as well. Because Plaintiff has not alleged facts which show he was deprived of a federal constitutional or statutory right, he has failed to state a claim under § 1983. Consequently, Defendant's motion to dismiss will be **GRANTED**.

### B. Eleventh Amendment Immunity

Even if Plaintiff's complaint had stated a claim against Defendant, that claim would fail due to Eleventh Amendment immunity. Plaintiff brought suit against Defendant in his official capacity. Suing a state officer in his official capacity for damages is equivalent to suing the state itself, which is prohibited by the Eleventh Amendment. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989); *McCormick v. Braverman*, 451 F.3d 382, 399 n. 16 (6th Cir. 2006); *Wells v. Brown*, 891 F.2d 591, 592 (6th Cir. 1989). The Eleventh Amendment shields a state and its officials from such suits unless the state waives its immunity and consents to suit in federal court or Congress exercises

its power to act pursuant to the enforcement provisions of Section Five of the Fourteenth Amendment. *Welch v. Tex. Dept. of Highways and Pub. Transp.*, 483 U.S. 468, 472-73 (1987). Neither a state nor its officials acting in their official capacities are persons under § 1983. *Will*, 491 U.S. at 71; *Wells*, 891 F.2d at 594.

The State has not waived its immunity nor has Congress exercised its power to override Eleventh Amendment immunity in this case. Additionally, Defendant, in his official capacity, is not a "person" subject to liability under § 1983. Therefore, Defendant is immune from suit in his official capacity, and all claims against Defendant in his official capacity will be **DISMISSED**.

### C. Prosecutorial Immunity

As the Court noted above, Plaintiff did not specify whether he was suing Defendant in his individual capacity. A plaintiff seeking damages under § 1983 should set forth clearly in his pleading that he is suing a state defendant in his individual capacity for damages and not simply in his capacity as a state official. *Wells*, 891 F.2d at 592. Because Plaintiff failed to state in his complaint that he was suing Defendant in his individual capacity, the Court's inquiry could end here. However, since Plaintiff is proceeding *pro se* and Defendant, in his motion to dismiss, asserts prosecutorial immunity for any claims against him in his individual capacity, the Court will proceed as if Plaintiff has sued Defendant in his individual capacity.

"Prosecutorial immunity extends to those activities that occur in the prosecutor's role as an advocate for the government." *Blakely v. United States*, 276 F.3d 853, 871 (6th Cir. 2002). It is well-settled that a prosecutor is entitled to absolute immunity from suit under § 1983 when he acts within the scope of his prosecutorial duties. *Skinner v. Govorchin*, 463 F.3d 518, 524-25 (6th Cir. 2006); *Blakely*, 276 F.3d at 871. This includes conduct relative to a decision on whether to prosecute a case, regardless of the prosecutor's motives. *Grant v. Hollenbach*, 870 F..2d 1135, 1138

(6th Cir. 1989). However, "the decision to prosecute may not be deliberately based upon an unjustifiable standard, such as race, religion, or other arbitrary classifications," *Wayte v. United States*, 470 U.S. 598, 608 (1985).

Here, Defendant is absolutely immune from suit in his individual capacity. Since Plaintiff has not alleged race, religion or another arbitrary classification as Defendant's motive for prosecuting him for voter fraud, absolute immunity provides complete protection from judicial scrutiny of Defendant's motives for prosecuting Plaintiff. *Ireland v. Tunis*, 113 F.3d 1435, 1447 (6th Cir. 1997). Accordingly, Defendant's motion to dismiss based on prosecutorial immunity will be **GRANTED**, and Plaintiff's claims against Defendant in his individual capacity will be **DISMISSED** because Defendant is immune.

### IV. <u>CONCLUSION</u>

Plaintiff failed to properly plead a cause of action under § 1983. Accordingly, Defendant's motion to dismiss will be **GRANTED**, and Plaintiff's request for summary judgment is now **MOOT** before this Court.

An Order shall enter.

**/s/**
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**